UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| ANTHONY MAURICE JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:25-CV-00032-DCLC-CRW |
| v. | ) | |
| JOHNSON CITY SCHOOLS, et. al, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Maurice Jones, an 53-year-old African American, brought this employment discrimination suit against Johnson City Schools ("JCS"), the Athletic Director Keith Turner, the Assistant Athletic Director, Jeff Aldridge, the Principal at Science Hill High School, Dr. Josh Carter, the Superintendent of the JCS, Dr. Steve Barrett, Johnson City School Board Member, Ginger Carter, and David Nutter, Catherine Layne, and Chris Layne.

Jones alleges that Defendants discriminated against him based on his race and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and on his age in violation of the Age Discrimination Act of 1975,[1] 42 U.S.C. §§ 6101-6107. He also raises a violation of the Equal Pay Act, 29 U.S.C. § 206d and a constructive and retaliation claim in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Defendants moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) [Docs. 21, 23]. Plaintiff filed a response in opposition [Doc. 35]. For the following reasons, both motions to dismiss are **GRANTED**.

---

[1] Although Jones styles his claim as a claim under the "Age Discrimination in Employment Act," he cites to the Age Discrimination Act of 1975, 42 U.S.C. § 6101-6107.

## I. BACKGROUND

Jones, a 53-year-old African American man [Doc. 1, at ¶ 13], worked as the Head Track Coach for JCS since 2016 [Id. at ¶ 15]. Jones alleges that on June 23, 2023, Dr. Carter, Turner, and Aldridge removed him as the Head Track Coach "for now." [Id. at ¶ 17]. Jones resigned in response but later rescinded his resignation [Id.]. One month later, Turner invited Jones to reapply for the position. Jones claims that July 27, 2023, Turner rehired him [Id. at ¶ 19]. But the following week, Superintendent Barnett announced that another individual had been selected to serve as Interim Head Coach [Id. at ¶ 20]. In December 2023, Jones along with other coaches were asked to sign a coaching contract. The contract Jones received listed him as an Assistant Coach rather than the Head Coach [Id. at ¶ 21-22]. The Defendants collectively denied that Jones had been rehired as Head Coach [Id. at ¶ 25].

"During and throughout this time," Jones alleges JCS Board Member Ginger Carter and others "mounted a campaign to remove coaches including [him]…." [Id. at ¶ 26]. Jones alleges that Defendants "all reported to parents and the Superintendent Barnett that Jones was homosexual" and that Jones had been removed as the Head Track Coach because he had engaged "in inappropriate conduct in the boys and girls bathrooms…." [Id. at ¶ 27, 35]. Jones also claims that Defendants circulated a rumor that he had stolen money from the concessions stand [Id. at ¶ 35]. No investigations into either the concessions stand allegation or locker room behavior were ever conducted [Id.].

On February 29, 2024, in a meeting with Jones and other coaches, Superintendent Barnett claimed that some parents had complained about Jones' behavior. Athletic Director Turner, however, indicated that no complaints had ever been placed in Jones' file [Id. at ¶ 29]. Jones also alleges that Barnett wanted to name Catherine Layne as the new Head Track Coach so he directed

Turner and Carter to remove Jones from that position [Id. at ¶ 32]. Jones also alleges that Catherine and Chris Layne made "false statements of fact" about him although the complaint fails to provide any details as to what those statements were. [Id. at ¶ 31]. Jones also claims that he reported to his supervisor how he felt he was being treated, but "was met with cynicism and ridicule." [Id. at ¶ 44].

Based on these allegations, Jones brought claims of discrimination based on his race and sexual orientation, in violation of Title VII of the Civil Rights Act, and his age, in violation of the Age Discrimination Act of 1975. He also brought claims for violations of the Equal Pay Act and retaliation, in violation of Title VII of the Civil Rights Act. These motions followed.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]". When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed ... if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III.     ANALYSIS

Plaintiff raises five claims in the complaint: one claim of racial discrimination against all named Defendants, and claims for sexual orientation discrimination, age discrimination, an Equal Pay Act violation, and retaliation against Defendant JCS. The Court will first address the single claim against the individual Defendants.

### A.     Plaintiff's claim against individual Defendants

Plaintiff's claim for racial discrimination arises under Title VII. The seven individual Defendants (Steve Barnett, Ginger Carter, Josh Carter, Catherine Layne, Chris Layne, David Nutter, and Keith Turner) argue that this claim should be dismissed against them because Title VII does not create a cause of action against individuals who are not employers.

Title VII prohibits employers from discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Employer is defined by the statute as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." *Id.* § 2000e(b). This definition does not include individuals as "Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997). "Title VII actions simply may not be brought against employees and supervisors in their individual capacities." *Fisher v. Merryman*, 32 F.App'x 721, 723 (6th Cir. 2002).

Plaintiff acknowledged this argument in his response to the motion to dismiss and appears to have withdrawn his claims against Chris Layne as a result [Doc. 36, pg. 8 n.2]. However, this analysis applies to all seven individual Defendants. None of the individual Defendants is Plaintiff's employer. Plaintiff's employer is JCS, and he can only bring Title VII claims against it, not its

employees in their individual capacities. Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** as to Defendants Steve Barnett, Ginger Carter, Josh Carter, Catherine Layne, Chris Layne, David Nutter, and Keith Turner. The Court will now proceed to analyze Plaintiff's claims against JCS.

**B.  Title VII - Racial Discrimination**

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.  To state a claim under Title VII, plaintiff must plausibly allege that: "1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class." *Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000). Plaintiffs need not establish all the elements of a Title VII claim at the motion to dismiss stage, but the complaint must provide an adequate factual basis for relief. *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

The complaint adequately addresses the first three elements for race discrimination.  It is undisputed that Plaintiff is a member of a protected class as an African American and that he was qualified for his job, as he was employed as a Head Coach by JCS for seven years.  Defendants argue that he failed to allege that he suffered an adverse employment action, as his demotion to Assistant Coach did not result in a change in pay [Doc. 21, pg. 7].  A demotion without a change in pay, benefits, duties, or prestige is not enough to support a discrimination claim. *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 886-87 (6th Cir. 1996) (holding that a "mere inconvenience"

or a "bruised ego" is not enough to constitute an adverse employment action). That said, the Sixth Circuit has also held that materially adverse employment actions might include "a demotion evidenced by a decrease in wage or salary, *a less distinguished title* . . . or other indices." *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 625 (6th Cir. 2013) (emphasis added) (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007)). Although Plaintiff has not alleged a change in pay, benefits, or duties, his title change to Assistant Coach is less distinguished than his previous title of Head Coach. This change in prestige is sufficient, at least at the motion to dismiss stage, to establish a factual basis for his Title VII claims.

Turning to the fourth element, Plaintiff has failed to sufficiently plead that he was replaced by or treated differently than similarly situated individuals outside his protected class. He states that he was replaced by an Interim Head Coach, but he does not identify this person or their race in the complaint. In his response to the motion, Plaintiff includes a hyperlink to a news article with a picture of the white man who replaced him and argues that this is sufficient to plead his claim [Doc. 36, pg. 5]. But the Court cannot consider this evidence as it is a matter outside the pleadings.[2]

Viewing Plaintiff's Complaint in the most favorable light to him, he has failed to allege this fourth element of his Title VII claim. He has not alleged that he was replaced by someone outside his protected class or that he was treated differently than similarly situated, non-protected

---

[2] When evaluating a Rule 12(b)(6) motion, courts are limited to considering the information contained in the pleadings, as well as "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."). Exhibits attached to a response to a motion to dismiss are not included in this list and cannot be considered at this stage. *Qui v. Bd. of Educ. of Bowling Green Indep. Sch., KY*, No. 24-5368, 2024 WL 5510330, at *2 (6th Cir. Dec. 23, 2024); *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("'The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).'") (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)).

employees. *See Keys v. Humana*, 684 F.3d 605, 608 (6th Cir. 2012)(requiring a plaintiff to at least allege he was replaced by a person outside his protected class or was treated differently that similarly situated, non-protected employees); *see also Wollor v. Collins Aerospace Headquarters*, No. 3:23-CV-306-CHB, 2024 WL 25097, at *4 (W.D. Ky. Jan. 2, 2024)(collecting cases granting Rule 12(b)(6) motions where complaints lacked necessary allegations of different treatment of similarly situated employees or replacement outside protected class). Thus, he cannot establish a prima facie Title VII race discrimination claim. This claim is **DISMISSED WITHOUT PREJUDICE.**

C.  **Title VII - Sexual Orientation Discrimination**

Title VII's prohibition on sex discrimination encompasses discrimination based on an employee's sexual orientation. *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 603 (6th Cir. 2022) (citing *Bostock v. Clayton County*, 590 U.S. 644, 683 (2020)). Plaintiff has failed to allege he is a member of a protected class in this context or that he was treated differently from similarly situated individuals outside of his protected class. He does not allege his sexual orientation. While he does allege that "a parent confirmed that comments were made by Defendants that Jones was terminated because he was gay and conducted himself inappropriately in the boys and girls locker room," Jones does not claim that he is gay in his complaint. Viewing Plaintiff's Complaint in the most favorable light to him, he does not allege he was discriminated against on the basis of his sexual orientation as Plaintiff does not even identify his sexual orientation. Nor has Plaintiff alleged that he was treated differently from similarly situated individuals outside of his protected class (whether that class is gay or straight individuals). Plaintiff does not claim that someone of a different sexual orientation replaced him as he does not identify the person who replaced him or identify their sexual orientation.

Plaintiff has not alleged sufficient facts to support a Title VII discrimination claim based on his sexual orientation even at this stage in the pleadings. This claim is **DISMISSED WITHOUT PREJUDICE.**

D.     **Age Discrimination**

The complaint alleges that JCS discriminated against Jones "on the basis of his age, in violation of Age Discrimination in Employment Act of 1975, as amended, 42 U.S.C. § 6101 – 6107." [Doc. 1 at 9]. There is no law titled the "Age Discrimination in Employment Act of 1975," however there is an Age Discrimination in Employment Act of 1967 ("ADEA") and an Age Discrimination Act of 1975 ("ADA"). The latter is codified at 42 U.S.C. §§ 6101-6107, and it prohibits discrimination on the basis of age by any program or activity receiving federal funding. 42 U.S.C. § 6102. Critically, it does not support a cause of action for employment discrimination. *Tyrrell v. City of Scranton*, 134 F.Supp.2d 373, 382-83 (M.D. Pa. 2001); *Montalvo-Padilla v. Univ. of P.R.*, 498 F.Supp.2d 464, 467 (D.P.R. 2007) ("a reading of the entire act . . . suggests, rather forcefully, that Congress did not intend to create a cause of action for discriminatory employment practices under the ADA."). As Plaintiff is specifically alleging employment discrimination, his claim must be dismissed under the ADA.

Moreover, even if his claim for employment discrimination could proceed under the ADA, he has not satisfied the notice requirements of 42 U.S.C. § 6104(e)(1). While Plaintiff has alleged that he timely filed a charge of discrimination with the EEOC, the ADA requires plaintiff to have given notice by registered mail "to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1).

Assuming instead that Plaintiff is intending to bring a claim under the ADEA, it must be dismissed for failure to state a claim. The ADEA prohibits employers from discriminating against employees over the age of 40 based on the employee's age. *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015). To establish a prima facie case for age discrimination, a plaintiff "must show that: (1) [he] was over 40 years old; (2) [he] suffered an adverse employment action; (3) [he] was qualified for the position he held; and (4) [he] was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018) (quotations omitted). The complaint must "present factual allegations sufficient for the court to draw a reasonable inference of discrimination" to survive a motion to dismiss. *Id.*

Plaintiff has not presented sufficient factual allegations as his complaint does not state any facts regarding the age of any younger, differently treated employees, nor does he provide examples of differing treatment. The complaint merely states that Plaintiff faced different treatment based on his age that adversely affected his employment but provides no facts in support of this allegation [Doc. 1, at ¶ 53]. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

He also claims that Defendant JCS hired a younger replacement for the Head Coach position, but he does not state the age of his replacement. The complaint lists the age of only one person: the Plaintiff. Other courts have dismissed age discrimination claims when faced with a similar dearth of facts. *See, e.g., Smith*, 749 F. App'x at 448 (affirming the district court's dismissal "[i]n the absence of facts regarding the ages or positions of the younger, similarly-situated employees, or any example of how those employees were treated differently"); *House*, 630 F.

App'x at 464 (affirming dismissal when the plaintiff failed to plead any facts about the ages of the younger employees who assumed his job duties, or to provide examples on how they were treated more favorably). There are not enough facts here to infer that Plaintiff was fired because of his age, or that any aspect of his employment was affected by age discrimination. This claim, whether Plaintiff is intending to sue under the ADEA or ADA, is **DISMISSED WITHOUT PREJUDICE.**

E.     Equal Pay Act Violation

The Equal Pay Act (EPA) prohibits employers from paying employees of one sex lower wages than employees of the opposite sex for performing equal work. *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006). To establish a prima facie case for an Equal Pay Act violation, a plaintiff must show that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Id.* (quoting *Corning Glass Works v. Brennan*, 417 U.S.188, 195 (1974)).

Plaintiff has not pled sufficient facts for an EPA claim as he fails to allege that he was paid less than any female employees performing equal work. While he alleges that he "was paid less than a similarly situated Head Track Coach," he does not state the sex of this comparator [Doc. 1, at ¶ 56]. He also compares his pay to the Interim head coach who replaced him, but again he does not identify the sex of this employee [Id. at ¶ 57]. The complaint also alleges that JCS head coaches were paid less than other head coaches, but the EPA does not support claims for wage differentials across different employers. Rather, the EPA prohibits an employer from discriminating "between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work …." 29 U.S.C. § 206(d)(1).

Again, Plaintiff's complaint does not allege sufficient facts to support a claim for an EPA violation. This claim is **DISMISSED WITHOUT PREJUDICE.**

F.     Retaliation

Plaintiff alleges that JCS retaliated against him by constructively discharging him after he complained about his treatment to his supervisor. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, "the defendant took an action that was 'materially adverse' to the plaintiff"; and (4) "there is a causal connection between the plaintiff's protected activity and the defendant's adverse action." *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343–34 (6th Cir. 2021). The causation element requires the plaintiff to "furnish evidence that 'the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *Barrow v. City of Cleveland*, 773 F. App'x 254, 261 (6th Cir. 2019) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).

Plaintiff has pled enough facts to satisfy the first three elements of a prima facie case, but he has not alleged any facts that allow the Court to infer that his protected activity was related to the adverse employment action against him. Protected activity covers conduct such as "complaining to anyone," including management, about allegedly unlawful practices. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2008). Plaintiff has alleged that he "once reported to his supervisor about the differing treatment." [Doc. 1, at ¶ 44].

Though the Sixth Circuit has held that the standard for pleading causation in a retaliatory discharge case is "minimal," the plaintiff must "put forth some credible evidence that enables the court to deduce that there is a causal connection between the retaliatory action and the protected

activity." *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007) (citation omitted); *see Finley v. Miami Univ.*, 504 F. Supp. 3d 838 (S.D. Ohio 2020) (holding that the plaintiff "barely" satisfied this requirement where her letter to the EEOC reported retaliatory actions three months after her original complaint to the EEOC). The Sixth Circuit has found a causal connection exists only when retaliatory actions occur within "a matter of months, or less" of the protected activity. *Dixon*, 481 F.3d at 334; *see, e.g., Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir. 2004) (three months sufficient); *Smith v. City of Salem*, 378 F.3d 566, 571 (6th Cir. 2004) (less than a week sufficient); *DiCarlo v. Potter*, 358 F.3d 408, 421–22 (6th Cir. 2004) (three weeks sufficient); *but see Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) (finding that disciplinary actions occurring two to five months after plaintiff filed charges insufficient to establish causal connection). Plaintiff has not pled the date that he complained to his supervisor. His EEOC complaint was filed on October 29, 2024, well over a year after Plaintiff was removed as the Head Track Coach. There are no facts to infer, even by the most generous standards, that Plaintiff's complaint to his supervisor was causally connected to either the June 23, 2023 "for now" removal from his position, the August 4, 2023 hiring of an Interim Head Coach, or the December 2023 contract listing Plaintiff as only an Assistant Coach. He may have engaged in the protected activity one day or one year before any of those events; without this fact in the complaint, there is not enough to support a reasonable inference that Plaintiff was retaliated against, in violation of Title VII. This claim is **DISMISSED WITHOUT PREJUDICE.**

IV. **CONCLUSION**

For all these reasons, both motions to dismiss [Docs. 21, 23] are **GRANTED**.

A separate judgment will follow.

**SO ORDERED:**

                                              s/ Clifton L. Corker
                                              United States District Judge